

Robert Allen Walls
3940 Laurel Canyon Blvd. #926
Studio City, CA 91604
(818) 261-9474


# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA


ROBERT ALLEN WALLS,                    Case: 2:10-cv-00291-RCJ-RJJ

        Plaintiff,

v.

**OPPOSITION TO DEFENDANTS
PETITION FOR REMOVAL OF
CIVIL ACTION**

RECONTRUST COMPANY, N.A.; BAC
HOM LOAN SERVICING, LP

        Defendants.

---

TO:  THE HONORABLE ROBERT C. JONES AND HONORABLE ROBERT J.
JOHNSON;
and

TO:  ALL INTERESTED PARTIES HEREIN;

     The non-moving party, Plaintiff, points and authorities in opposition to moving
parties, Defendants, Petition For Removal Of Civil Action of said case number above.


1. Counsel for the Defendant was notified by phone on March 16, 2010, that
   Plaintiff's zip code was incorrect on all postal correspondence and that Plaintiff
   had not received the Request For Judicial Notice on time as stated through Clerk,

U.S. District Court correspondence dated March 12, 2010.  Counsel stated that he would correct zip code error and resend the Request For Judicial Notice documents.  Copy of envelope dated March 23, 2010 (Exhibit "A").  Plaintiffs response is timely as of the date he received the documents March 26, 2010.

2. Recontrust Company, N.A. ("Recontrust") and BAC Home Loan Servicing, LP ("BAC") (collectively " Defendants") first correspondence with Plaintiff, dated June 25, 2009, Notice of Default/Election To Sell Under Deed of Trust (Exhibit "B") that Defendants were acting as an Agent for the Beneficiary under a Deed of Trust, Mortgage Electronic Registration Systems Inc. ("MERS").

3. In correspondence from counsel acting on BAC's behalf dated January 19, 2010, in response to a QWR Form sent to BAC by Plaintiff, dated October 22, 2009, said counsel stated that the current owner of the note was Fannie Mae. (Exhibit "C")

4. Now with current counsel for Defendants in said Case No. above for Petition For Removal of Civil Action, dated March 3, 2010, said counsel states on page 2, section number 7 of Petition, that the reason for removing said case from State to Federal Court is that Defendants are foreign entities. (Exhibit "D").

5. Counsel states in Request For Judicial Notice, dated March 10, 2010, Page 2, Item 10, that Loan Modification Offer dated 2/04/2010 was offered to and signed by Plaintiff as Defendants (Exhibit "J").  This statement is falsified and untrue. Plaintiff never received nor signed (there are no signatures anywhere on this Exhibit) (Plaintiffs Exhibit "E") any Loan Modification Offer from BAC as stated by Counsel for Defendants. Is it also very interesting that the Defendants offered a Loan Modification, dated 2/04/2010, to Plaintiff the day after Plaintiff filed his Complaint (Case) on 02/03/2010, against the Defendants. Or was it just by chance?

6. Counsel states in Request For Judicial Notice, dated March 10, 2010, Page 1, Item 2, Promissory Note in the amount of $299,000.00 dated 10/16/2006, executed by Plaintiff.  Is incorrect and untrue.  The actual amount of Promissory Note is $229,000.00.

7. When Counsel for the Defendant executes one questionable Exhibit, all Exhibits are questionable.

8. Under these facts alone the question arises who is the true holder of the Deed of Trust/Note. These statements are of fraudulent and fabricated by declaring the Property in question is owned by three totally different entities. Clouding the Title even more than the suit being filed by Plaintiff, alleging that if foreclosure was allowed to continue without total disclosure of who actually owned and possessed the Deed of Trust/Note. Plaintiff would still be liable to one of the other sources to which Recontrust/BAC states the Deed of Trust/Note is owned by. Which

draws total warrant to why this case should be allowed to continue in Federal or State Court.

9. Furthermore, from Plaintiff's original Complaint dated February 3, 2010, that Defendant Recontrust/BAC moving party in said Petition is not the Owner of the Note, nor the Beneficiary of the Deed of Trust, therefore, the Defendants Recontrust/BAC has defrauded the Plaintiff, and as a result, if the said action for foreclosure and sell of said property would be allowed to continue without producing the documents requested, Plaintiff would suffered damages totaling $229,000.00.

10. Plaintiff is likely to succeed on the merits of his Complaint seeking injunctive relief and damages from Defendants for fraud and breach of fiduciary duty. In a letter to Plaintiff dated January 19, 2010 counsel for Defendant BAC states the Note is owned by Fannie Mae. Since the original Note has not been produced, there is no evidence whether the Note was transferred to Fannie Mae. Moreover, assuming it was transferred to Fannie Mae, most likely Fannie Mae sold the Note to a securitization trust which used the note to collateralize bonds sold to the public pursuant to a "mortgage backed securities" offering. *See, e.g.,* James R. Barth et al., *A Short History of the Subprime Mortgage Market Meltdown* 5 fig.2 (Milken Institute 2008), *available at* http://www.milkeninstitute.org/publications (showing that approximately 85% of all home mortgages originated in 2006 and 2007 were securitized). While Plaintiff does not concede he is indebted to Fannie Mae, Defendants Recontrust/BAC by its own words admits Plaintiff is not indebted to Defendants. Because Plaintiff is not indebted to Defendants, Defendants are not the beneficiaries under the Deed of Trust. Accordingly Defendants has no authority to request foreclosure of the Property under the Deed of Trust. Defendant BAC by its own admission is merely the servicer of Plaintiff's loan. A mere loan servicer is not a beneficiary and does not have the right to request foreclosure under the Deed of Trust. Accordingly Defendants are defrauding Plaintiff and Defendant Recontrust is breaching its fiduciary duty to Plaintiff by seeking to foreclose on the Property under the Deed of Trust. Defendants do not possess the original of the Note and therefore cannot foreclose on the Property.

11. Plaintiff will be irreparably harmed if this said Petition is granted. If a party other than the party to which Plaintiff is indebted is permitted to sell Plaintiff's Property, Plaintiff will remain liable for the full amount of its mortgage loan to the party to whom Defendant is indebted, an amount of $229,000.00 dollars. Moreover, It is established law in Nevada that payment by debtor on a note to a party not in possession of the original note does not discharge the obligation of the debtor and does not preclude a party in possession of the note from thereafter recovering on the note. Thus, if this Petition is granted, the Property will be sold and the proceeds paid to an entity, which does not possess the original Note. This places Plaintiff at great risk of being liable in the amount of $229,000.00 to the actual holder of the original Note while no longer owning the Property, which

secured the Note. In this case, by Defendants Recontrust/BAC's own admission, it is not the party to which Plaintiff is indebted. Accordingly, allowing Defendant Reconstruction to sell and collect the proceeds from the sale of the Property will irreparably harm Plaintiff.

12. Furthermore, MERS nor FANNIE MAE take in money, nor pay it out, they are not designed to do either, therefore, could not be the real party in interest. The real party in interest is one who has advanced actual money in the transaction of services. MERS and FANNIE MAE act only as a bookkeeping service in a shell game designed to confuse or obscure the identity of the real party in interest.

13. Under these circumstances Plaintiff would ask the Court to allow a for Certified Forensic Loan Audit to take place (paid for by Plaintiff) and allowed as evidence by a 3rd party mortgage analysis expert on said loan in question to once and for all remove clouding of Title to the property, and resolve the question of whom the actual owner(s) of the Deed of Trust/Note is. Without this knowledge the Title will always be clouded.

14. All in all, the question remains the same, have the Defendants been authorized in writing from the true holder (Beneficiary) of the Deed of Trust/Note to proceed with the foreclosure, and if so, produce it. It is a simple request, but seemingly impossible for the Defendants.


WHEREFORE Plaintiff/non-moving party respectfully request the following:

1. That the Court deny Defendants/moving party's request for dismissal of Motion to Dismiss of said case on the ground mentioned above.




Respectfully Submitted,

Robert Allen Walls, pro se


By: _Robert Allen Walls_
Robert Allen Walls
3940 Laurel Canyon Blvd. #926
Studio City, CA 91604


Tel No: (818) 261-9474


Plaintiff

EXHIBIT "A"





LEWIS
AND
ROCA
LLP
LAWYERS

3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

TO
Robert Allen Walls
3940 Laurel Canyon Blvd. #926
Studio City, CA 91604

EXHIBIT "B"

# EXHIBIT "C"



**Dilworth Paxson** LLP

direct dial number:
(215) 575-7137

Jonathan K. Moore
jmoore@dilworthlaw.com

January 19, 2010

Robert Allen Walls
3940 Laurel Canyon Blvd. #926
Studio City, CA 91640

Re:   Borrower(s): Robert Allen Walls (the "Borrower")
      Property Address: 5222 Pioneer Cabin Court, North Las Vegas, NV 89031
      Loan Number(s): 151302059 (the "Loan")

Dear Mr. Walls:

This firm represents BAC Home Loans Servicing, LP, a subsidiary of Bank of America, N.A. ("BAC Home Loans"), f/k/a Countrywide Home Loans Servicing LP, with regard to the above Loan. We are writing in response to your correspondence dated October 19, 2009 (the "Letter"), which was sent to BAC Home Loans for response, wherein you request information regarding the Loan. Although the Letter is couched as a "qualified written request," the information requested in the Letter goes well beyond that which is available through a qualified written request made under 12 U.S.C. §2605 ("QWR").

As you may be aware, a QWR is a written correspondence which includes a statement of specific reasons why the borrower believes that its account is in error and which provides sufficient detail to allow the servicer of the loan to review the borrower's account to determine whether there were errors made in connection with the account, and to either make appropriate corrections where errors were made or explain to the borrower why the servicer believes the account is accurate. A QWR is not a vehicle for a borrower to obtain confidential information concerning the lender's business practices, trade secrets or other proprietary information, nor can it be used to support a fishing expedition for documents that may support a claim or as a mechanism for seeking any other information which does not relate specifically to the borrower's loan. The Letter seeks information which goes well beyond that which is available through a QWR, while failing to provide any of the necessary detail regarding any specific error(s) made by the servicer in connection with the Loan.

Although the Letter is overly broad, unduly burdensome and not in conformity with 12 U.S.C. §2605, BAC Home Loans reviewed its file documents in an attempt to obtain information responsive to those of your inquiries which were consistent with 12 U.S.C. §2605. The results of this review of the Borrower's Loan file are set forth below and in the documents attached hereto.

BAC Home Loans responds to your first series of numbered requests as follows:

Dilworth Paxson LLP                                              Page 4

18.   This request is respectfully declined, as it seeks documentation and/or information
      beyond that which is available through a "qualified written request" made under 12
      U.S.C. §2605.

19.   See enclosed Payment History.  The remainder of this request is respectfully declined, as
      it seeks documentation and/or information beyond that which is available through a
      "qualified written request" made under 12 U.S.C. §2605.

20.   See response to paragraph 19.

21.   This request is respectfully declined, as it seeks documentation and/or information
      beyond that which is available through a "qualified written request" made under 12
      U.S.C. §2605.

22.   See owner information provided in response to your request for verification of debt
      below.

Regarding your allegations of misrepresentation in connection with the origination of the Loan,
the Borrower's signatures on the Loan documents confirms the Borrower received, read,
understood, and agreed to the terms and conditions contained within each document.  If the
Borrower had concerns or was not in agreement with the terms and conditions of the Loan, the
Borrower was under no obligation to sign the Loan documents or continue the Loan process.
With respect to the alleged misstatement of income on the Uniform Residential Loan Application
(the "Application"), the Application was signed by the Borrower, who, by signing the
Application, represented that all of the information therein was true and correct to the best of
his/her knowledge.  Your remaining claims are vague and conclusory, and are inconsistent with
the enclosed documents.  Based on the foregoing, BAC Home Loans considers the issues raised
in the Letter resolved.

**Verification of Debt**
To the extent the Letter can be construed as a request for verification of the debt, please be
advised that the debt is evidenced by an Interest Only Adjustable Rate Note dated October 16,
2006, in the principal amount of $229,000.00, executed by the Borrower, in favor of
Countrywide Home Loans, Inc.  The Loan is secured by a Deed of Trust dated the same date.
The current owner of the note is Fannie Mae, with an address of 13150 World Gate Dr.,
Herndon, VA 20170, and a telephone number of (703) 833-1700.  Please refer to the enclosed
documents for additional information.

A payoff demand statement has been requested and will be sent under separate cover.  This
payoff statement will show all amounts necessary to pay off the Loan.

If you have further concerns or questions regarding this matter please contact BAC Home Loans'
FREM Customer Escalation Team at (866) 200-9624.  Thank you for this opportunity to be of
service.

843703_1

**BAC Walls 00018**

# EXHIBIT "D"

1  J. CHRISTOPHER JORGENSEN, ESQ.
   STATE BAR NO. 5382
2  DIANA S. ERB, ESQ.
   STATE BAR NO. 10580
3  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
4  Las Vegas, NV 89169
   (702) 949-8200
5  (702) 949-8398/fax

6  Attorneys for Defendants Recontrust Company,
   N.A. and BAC Home Loan Servicing, LP
7

                    UNITED STATES DISTRICT COURT
8
                    FOR THE DISTRICT OF NEVADA
9

10  ROBERT ALLEN WALLS,                          Case:

11                          Plaintiff,

12       vs.                                      **PETITION FOR REMOVAL OF CIVIL
                                                  ACTION**
13  RECONTRUST COMPANY, N.A.; BAC
    HOME LOAN SERVICING, LP;
14
                            Defendants.
15
    TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR
16        THE DISTRICT OF NEVADA:

17        The removing parties, Recontrust Company, N.A. ("Recontrust") and BAC Home Loan

18  Servicing, LP ("BAC") (collectively "Defendants"), respectfully show:

19        1.     Recontrust, Countrywide and BOA are Defendants in the above-entitled action.

20        2.     That the above-entitled action was commenced in the Eighth Judicial District Court

21  of the State of Nevada, in and for the County of Clark, and is now pending in that Court under the

22  designated Case No. A609452, Dept. 19.

23        3.     Although service of the summons and complaint has not yet been effectuated, it

24  recently came to the attention of Defendants that a Complaint had been filed, clouding title to the

25  property.

26        4.     This case involves claims by Plaintiff that Defendants improperly processed,

27
28  serviced and transferred his home mortgage loan.

This case is one of many that have recently been filed across the country by homeowners seeking to simply stall or delay foreclosure proceedings after the plaintiffs have long stopped making the required mortgage payments.

5.       This Petition for Removal is timely and proper under 28 U.S.C. §1446(b) because it is being filed within thirty days after Defendants became aware of the state court action and within one year from when Plaintiff commenced his state court action.

6.       Diversity jurisdiction under 28 U.S.C. §1332 exists because this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000.

7.       Plaintiff is a citizen of California. **Defendants are foreign entities.**

8.       The amount in controversy exceeds $75,000. Plaintiff is seeking to void the real estate contract he signed when he purchased his home. His Complaint is similar to many other complaints filed nationwide by homeowners facing foreclosure. Plaintiff's Complaint appears to allege that somehow the purchase money for the home, and subject to the mortgage contract, never actually changed hands. This type of complaint demonstrates a willful ignorance of how the act of borrowing money for a mortgage actually occurs.

9.       The removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). If it is "'facially apparent' from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded 'only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum.'" *Davis v. Advanced Care Techs., Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal. 2007) (quoting *Singer*, 116 F.3d at 376); *see also Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113 at *7 (E.D. Cal. 2006) (in products liability suit, amount-in-controversy requirement was satisfied where plaintiff sought unspecified amount of compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *Yong v.*

EXHIBIT "E"

1  J. CHRISTOPHER JORGENSEN, ESQ.
   STATE BAR NO. 5382
2  DIANA S. ERB, ESQ.
   STATE BAR NO. 10580
3  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
4  Las Vegas, NV 89169
   (702) 949-8200
5  (702) 949-8398/fax

6  Attorneys for Defendants Recontrust Company,
   N.A. and BAC Home Loan Servicing, LP
7
8              UNITED STATES DISTRICT COURT

9              FOR THE DISTRICT OF NEVADA

10  ROBERT ALLEN WALLS,                    Case: 2:10-cv-00291-RCJ-RJJ

11                       Plaintiff,

12     vs.                                 **REQUEST FOR JUDICIAL NOTICE**

13  RECONTRUST COMPANY, N.A.; BAC
    HOME LOAN SERVICING, LP;
14
                         Defendants.
15

16        Defendants, through their attorneys, Lewis and Roca LLP, request that the Court take

17  judicial notice of the following documents, copies of which are attached hereto as Exhibits "A"

18  through "K." The attached documents are either on file in the Clark County Recorder's Office or

19  incorporated by reference in Plaintiff's Complaint:

20        1.  Deed of Trust dated 10/16/06, executed by Plaintiff and recorded in the Clark County
21            Recorder's Office on 10/24/06. (Exhibit "A," BAC Walls 00170-00199.)

22        2.  Promissory Note in the amount of $299,000.00 dated 10/16/06, executed by Plaintiff.
              (Exhibit "B," BAC Walls 00311-00315.)
23
          3.  Second Deed of Trust dated 3/1/04, executed by Plaintiff and recorded in the Clark
24            County Recorder's Office on 3/1/04. (Exhibit "C," BAC Walls 00386-00410.)

25        4.  Second Promissory Note dated 3/1/04 in the amount of $171,500.00. (Exhibit "D,"
              BAC Walls 00375-00384.)
26
          5.  Clark County Recorder's Office Property Records website search results for Plaintiff
27            and Parcel No. 124-31-225-010. (Exhibit "E.")

28        6.  Grant, Bargain Sale Deed dated 2/27/04. (Exhibit "F.")

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

444762

7. TILA Disclosure statements signed by Plaintiff on 10/16/06. (Exhibit "G," BAC Walls 00268.)

8. Amortization Schedule dated 10/16/06 received by Plaintiff. (Exhibit "H," BAC Walls 00227-00228.)

9. Qualified Written Request Response dated 1/19/10. (Exhibit "I," BAC Walls 00015-00019.)

10. Loan Modification Offer dated 2/4/10, signed by Plaintiff. (Exhibit "J," BAC Walls 00303-00310.)

11. Collection of recent court orders granting motions to dismiss, similar in nature. (Exhibit "K.")

Nevada law allows for a court to take judicial notice of a fact if it is "(a) Generally known within the territorial jurisdiction of the trial court; or (b) Capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned, so that the fact is not subject to reasonable dispute." NRS 47.130. A court may take judicial notice of matters of public record. *See, e.g., Caballero v. Seventh Judicial Dist. Ct.*, 123 Nev. ___, ___, 167 P.3d 415, 419 (2007); *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria v. Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). Further, a court may take judicial notice of documents filed for cases in other jurisdictions involving the same subject matter as the case at bar. *See, e.g., Round Hill Gen. Improvement Dist. v. Newman*, 97 Nev. 601, 603, 637 P.2d 534, 536 (1981) (not reasonably subject to dispute that the subject matter in the federal case was the same as in the state case).

The above-listed deeds are public documents on file in the Clark County Recorder's Office. The documents are therefore generally known within the territorial jurisdiction of this Court. Moreover, they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned—*i.e.*, by resort to the Clark County Recorder's Office. Defendants therefore request that the Court take judicial notice of the attached deeds pursuant to NRS 47.130.

A court may also take judicial notice of documents that are incorporated by reference into, although not attached to, a complaint if: (1) the complaint refers to the document, (2) it is central to the plaintiff's claims, and (3) the authenticity of the document is not disputed. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) ("A court may consider evidence on which the complaint

***( Defendants)***

# EXHIBIT "J"

# Bank of America

## Home Loans

BAC Home Loans Servicing, LP
Attn: Home Retention Division
100 Beecham Drive Suite 104
Pittsburgh, PA 15205

ROBERT ALLEN WALLS
3940 Laurel Canyon Blvd # 926
Studio City, CA 91604

**Notice Date:** February 4, 2010

**Account No:**151302059

**Property Address:**
**5222 PIONEER CABIN COURT**
**NORTH LAS VEGAS, NV 89031**

## IMPORTANT MESSAGE ABOUT YOUR LOAN

Dear ROBERT ALLEN WALLS,

BAC Home Loans Servicing, LP is committed to helping our valued customers who may be having difficulty in making their mortgage payments. Enclosed is a proposed agreement to modify your loan.[1] This modification agreement will not be binding or effective unless and until it has been signed by both you and BAC Home Loans Servicing, LP. Further, in order for the loan modification to become effective, you must complete the actions in the "To Accept the Proposed Modification" section of this letter by no later than February 19, 2010.

## SUMMARY OF PROPOSED MODIFICATION

| | |
|---|---|
| Current Interest Rate: | 3.875% |
| New Interest Rate: | 3.875% |
| Unpaid Principal Balance[2] | $245,420.53 |
| New Maturity Date: | November 1, 2036[3] |
| Effective Date of New Interest Rate: | March 1, 2010 |
| Interest Rate Terms: | Refer to Interest Rate Changes Section Below |
| First Payment Due Date under new terms: | April 1, 2010 |

A breakdown of your new monthly payment is as follows:

| | |
|---|---|
| P&I Payment: | $1,231.38 |
| Escrow / Option ins.: | $246.51 |
| **New Monthly Payment:** | **$1,477.89[4]** |

*(must be included with modification agreement)*

---

[1] The enclosed terms are based upon information you provided to us and may be subject to validation.

[2] Your "Unpaid Principal Balance" is calculated by adding the Delinquent Balance to your current Unpaid Principal Balance of $229,000.00.

[3] Your new maturity date may have changed from your current maturity date as a result of the modification terms. This agreement will bring the loan current; however, you are still required to pay back the entire unpaid principal balance by the maturity date for your loan.

[4] Your first new monthly payment is due with the executed agreement. This payment is subject to change if your escrow payment changes. Escrow includes amounts to pay taxes and insurance on your home.

**BAC Walls 00303**

place as the Lender may require.

6.  Nothing in this agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument.  Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrower and Lender will be bound by, and comply with, all terms and provisions thereof, as amended by this Agreement.

7.  In consideration of this Modification, Borrower agrees that if any document related to the Security Instrument, Note and/or Modification is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the loan as modified, or is otherwise missing, Borrower(s) will comply with Lender's request to execute, acknowledge, initial and deliver to Lender any documentation Lender deems necessary. If the original promissory note is replaced the Lender hereby indemnifies the Borrower(s) against any loss associated with a demand on the original note. All documents Lender requests of Borrower(s) shall be referred to as "Documents." Borrower agrees to deliver the Documents within ten (10) days after receipt by Borrower(s) of a written request for such replacement.

As evidenced by their signatures below, the Borrower and the Lender agree to the foregoing.

_____   Dated:_____

ROBERT ALLEN WALLS

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.



6093  08/09

**BAC Walls 00308**

DO NOT WRITE BELOW THIS LINE.

THIS SECTION IS FOR INTERNAL BANK OF AMERICA HOME LOANS SERVICING, LP USE ONLY

BAC Home Loans Servicing, LP
7105 Corporate Drive
(PTX-B-36)
Plano, TX 75024

By: _____ Dated: _____

_____        _____

BAC Home Loans Servicing, LP is a subsidiary of Bank of America, N.A.



8093  06/09
**BAC Walls 00309**

## CALIFORNIA NOTARY ACKNOWLEDGMENT
### (For use by California Notary, if applicable.)

STATE OF CALIFORNIA
COUNTY OF _____

On _____ before me, _____
(insert name and title of the officer)

personally appeared _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s),
or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____          NOTARY SEAL

THIS CERTIFICATE MUST BE ATTACHED TO THE
DOCUMENT DESCRIBED AT RIGHT

Document: Loan Modification Agreement
Number of Pages:
Date of Document:
Signer(s) Other Than Named Above: _____