UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ALLEN WALLS, | ) |
| Plaintiff, | ) 2:10-cv-00291-RCJ-RJJ |
| vs. | ) |
| RECONTRUST CO., N.A. et al., | ) ORDER |
| Defendants. | ) |

Plaintiff has sued Defendants on multiple causes of action related to the foreclosure of his mortgage. Pending before the Court are Plaintiff's Motion for Temporary Restraining Order, originally filed in state court, and Defendants' Motion to Dismiss (#7), to which Plaintiff has not responded.[1] For the reasons given herein, the Court should denies the Motion for Temporary Restraining Order and grants the Motion to Dismiss (#7).

I.  **FACTS AND PROCEDURAL HISTORY**

On or about March 1, 2004, Plaintiff Robert Allen Walls purchased real property located at 5222 Pioneer Cabin Ct., North Las Vegas, NV 89031 ("the Property") for $171,500. (#8, Ex. C, at 1, 3).[2] The deed of trust lists non-party Mortgage Home Specialists, Inc. as lender and non-party Chicago Title as trustee. (*Id.*, Ex. C, at 1). Walls made an adjustable-rate note to Mortgage

---

[1]This constitutes consent to granting the motion. L.R. 7-2(d).

[2]The Court takes judicial notice of the public records adduced by Defendants (#8). *See Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Home Specialists, fixed at 4.250% for two years, and readjusting every six months thereafter to 3.250% plus the "current index," as defined in the note, but never to exceed 10.250%. (*Id.*, Ex. D, at 1, 2, 5).

On October 16, 2006, Walls refinanced the Property by making an interest-only adjustable-rate note to Countrywide Home Loans, Inc. for $229,000, (*id.*, Ex. B, at 1), and securing the note with a new deed of trust to lender Countrywide, with Defendant Recontrust Co., N.A. as trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as "nominee" and "beneficiary," (*id.*, Ex. A, at 2, 4). The "second home rider" to the deed of trust, signed by Plaintiff, makes clear that the Property was Plaintiff's second home, not his primary residence. (*Id.*, Ex. A, at 29–31). The deed of trust itself notes the existence of the second home rider. (*Id.*, Ex. A, at 2). The initial interest rate under the new note was 5.875%, fixed for three years, with monthly payments of $1121.15. (*Id.*, Ex. B, at 1–2). The interest rate was adjustable every twelve months thereafter by adding 2.250% percent to the "current index," as defined therein, not to exceed 11.875%. (*Id.*, Ex. B, at 2). Assuming Plaintiff had zero equity in the home at the time of refinancing (based on the prior interest-only loan), the refinancing gave him a cash profit of $57,500, representing the increase in equity between purchase in 2004 and refinancing in 2006. Plaintiff's profit from the 2006 refinancing was sufficient to meet the first three years of payments at the initial rate of 5.875%, with $17,138.60 remaining as of November 2009 when the rate first reset. Whatever Plaintiff did with these profits, he did not use them to pay his mortgage. On June 25, 2009, Recontrust recorded the notice of default. (*Id.*, Ex. E, at 2).

On February 2, 2010, Plaintiff sued Recontrust (erroneously named as "Reconstruct") and BAC Home Loan Servicing, LP ("BAC") in state court on three causes of action: (1) injunctive relief; (2) breach of fiduciary duty; and (3) fraud. Plaintiff also filed the present Motion for Temporary Restraining Order in state court. On February 4, 2010, BAC extended an offer of

modification to Plaintiff ("the Offer"). (*Id.*, Ex. J). The Offer indicates that as of February 4, 2010, the amount owed on the note was $245,420.53. BAC offered to modify the interest-only adjustable-rate loan to a fixed, step-rate loan. Under the Offer, the rate would be 3.875% for the first five years, with a monthly payment of $1231.38; 4.875% for the sixth year, with a monthly payment of $1349.49; and 5.375% thereafter until the maturity date of November 1, 2036, with a monthly payment of $1408.44. (*Id.*, Ex. J, at 3, 5). The Offer was set to terminate on February 19, 2010. (*Id.*, Ex. J, at 1). Apparently, Plaintiff did not accept the modification offer. Defendants removed on March 3, 2010 and have now moved to dismiss.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See North Star Int'l. v. Arizona Corp. Comm'n.*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

Page 3 of 8

*State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**B.   Temporary Restraining Orders**

Under Fed. R. Civ. P. 65(b), a plaintiff must make a showing that immediate and irreparable injury, loss, or damage will result to plaintiff without a temporary restraining order. Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F. Supp. 2d 1111, 1126 (E.D. Cal. 2001) ("The standard for issuing a preliminary injunction is the same as the standard for issuing a temporary restraining order."). The Ninth Circuit in the past set forth two separate sets of criteria for determining whether to grant preliminary injunctive relief:

> Under the traditional test, a plaintiff must show: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases). The alternative test requires that a plaintiff demonstrate either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

*Taylor v. Westly*, 488 F.3d 1197, 1200 (9th Cir. 2007). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* The Supreme Court recently reiterated, however, that a plaintiff seeking an injunction must demonstrate that irreparable harm is "*likely*," not just possible. *Winter v. NRDC*, 129 S. Ct. 365, 374–76 (2008) (rejecting the Ninth Circuit's alternative "sliding scale" test). The Ninth Circuit has explicitly recognized that its "possibility" test was overruled by *Winter*, and that "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter*, 129 S. Ct. at 374).

### III.   ANALYSIS

#### A.   Motion to Dismiss

##### 1.   Breach of Fiduciary Duty

A lender is not a fiduciary of a borrower, but a trustee is a fiduciary of both a trustor and a beneficiary under a deed of trust. It must act fairly with respect to both entities. Plaintiff alleges that trustee Recontrust breached its fiduciary duty by initiating foreclosure proceedings against the Property without being instructed to do so by the beneficiary, without obtaining the original promissory note from the beneficiary, and without investigating whether the

note had been "paid off by insurance."[3] In Nevada, the power of sale cannot be exercised until the beneficiary or the trustee records the notice. Nev. Rev. Stat. § 107.080(2)(c). Recontrust was the trustee when it recorded the notice of default and notice of trustee sale, (#8, Ex. A, at 2; *id.*, Ex. E, at 2), and it therefore did not need direction from the beneficiary. In any case, Plaintiff alleges later in the Complaint that BAC instructed Recontrust to foreclose. (#1 ¶ 21). Nor is there any requirement that the trustee obtain the original promissory note from the beneficiary. This cause of action is not plausible.

### 2. Fraud

The elements of common law fraud in Nevada are:

1. A false representation made by the defendant;

2. Defendant's knowledge or belief that the representation is false (or insufficient basis for making the representation);

3. Defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation;

4. Plaintiff's justifiable reliance upon the misrepresentation; and

5. Damage to the plaintiff resulting from such reliance.

*Bulbman, Inc. v. Nev. Bell*, 825 P.2d 588, 592 (Nev. 1992). Under Rule 9(b), circumstances constituting fraud or mistake must be stated with particularity. Fed. R. Civ. P. 9(b).

Plaintiff alleges that Recontrust defrauded Plaintiff by wrongly claiming to have authority to foreclose and that BAC defrauded Plaintiff by instructing Recontrust to foreclose. First, Recontrust plainly had authority to foreclose, so there was simply no false statement made. Second, Plaintiff has not alleged any reliance on the allegedly false statement, but only that he was harmed (or will be harmed) by the allegedly wrongful foreclosure. There is no plausible fraud

---

[3] This last allegation is unintelligible as stated.

claim here.

### B. Temporary Restraining Order

Because no plausible claims remain, Plaintiff cannot succeed on the merits. Even if the Court implies a cause of action for wrongful foreclosure, a temporary restraining order is not warranted because the foreclosure here is clearly proper.

Recently, the Court has granted ninety-day preliminary injunctions in similar cases in order to permit plaintiffs time to utilize Nevada's delinquent mortgage mediation program. *See* Nev. Rev. Stat. § 107.086 (2009). In this case, BAC has already extended an offer to convert the adjustable-rate note into a very reasonable step-rate loan, beginning at a far-below-market rate of 3.875% and increasing to no more than 5.875%.[4] This modification would have reduced payments and given Plaintiff the opportunity to earn equity in the home. Plaintiff did not take advantage of this offer.

This is not a case of predatory lending. Plaintiff took advantage of a low introductory rate to buy a second home, then stopped making payments even before the rate adjusted upward. Plaintiff has rejected a generous offer to convert the adjustable loan into a fixed, step-rate loan at rates lower than those he could obtain if he were to seek a similar loan in the market. Nevertheless, the Court will give Plaintiff ninety days to engage in mediation under state law and prove he is serious about living up to his obligations under the mortgage.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion for Temporary Restraining Order is DENIED.

IT IS FURTHER ORDERED that the second Motion for Temporary Restraining Order

---

[4] Current mortgage rates are already above 5% and are likely to rise over the next few years.

(#18), filed on the day of the hearing, is DENIED.

　　　　IT IS FURTHER ORDERED that the Motion to Dismiss (#7) is GRANTED and STAYED while the parties engage in mediation.  Counsel for the defense shall submit a proposed order for mediation and interim payments consistent with the Court's instructions at the hearing.

DATED:  This 24th day of May, 2010.

_____
United States District Judge