1  J. CHRISTOPHER JORGENSEN, ESQ.
   STATE BAR NO. 5382
2  LEWIS AND ROCA LLP
   3993 Howard Hughes Pkwy., Ste. 600
3  Las Vegas, NV 89169
   (702) 949-8200
4  (702) 949-8398/fax

5  Attorneys for Defendants Recontrust Company,
   N.A. and BAC Home Loan Servicing, LP
6

7                      UNITED STATES DISTRICT COURT

8                        FOR THE DISTRICT OF NEVADA

9
   ROBERT ALLEN WALLS,                    Case: 2:10-cv-00291-GMN-RJJ
10
                      Plaintiff,
11
   vs.
12                                        **REQUEST FOR STATUS
   RECONTRUST COMPANY, N.A.; BAC          CONFERENCE**
13 HOME LOAN SERVICING, LP;

14                    Defendants.

15         Defendants, ReconTrust Company N.A. and BAC Home Loan Servicing, LP (collectively

16 "Defendants"), through their attorneys, Lewis and Roca LLP, respectfully request this Court

17 schedule a status conference to address the disposition of the remaining claims in this case.

18 Previously the Court had ordered the parties to participate in the Nevada Foreclosure Mediation

19 Program (*see*, Dkt. #20). Although Defendants have contacted the Mediation Program several

20 times seeking to move the process along, no mediation date has been set. It is Defendants'

21 understanding that the reason why no mediation has been scheduled is because Plaintiff has failed

22 to return his mediation forms and paid his mediation fee. (*See* Affidavit of Donna Simpson,

23 attached as Exhibit A). Accordingly, it is apparent that Plaintiff has no desire to mediate and the

24 Court can now move the case forward and confirm the prior dismissal order.

25         Therefore, Defendants seek an order from this Court formally dismissing the claims and

26 closing out this litigation.

27 . . .

28 . . .

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

Plaintiff Walls ("Plaintiff") seeks to avoid his financial obligations to Defendant BAC. Plaintiff's claims appear to arise from non-judicial foreclosure proceedings that have started as a result of Plaintiff's non-payment of his mortgage back in 2009. The four page Complaint is simply legal conclusions presented as if they were factual allegations. The claims made by Plaintiff have been repeatedly rejected by this Court and are contrary to the large body of law that has been established over the past several years as a result of allegations similar to Plaintiff's. Judge Jones granted Defendants' Motion to Dismiss on May 26, 2010 (*see,* Dkt. #20). However, at Plaintiff's request the Court stayed the Order dismissing the Complaint and ordered the parties to submit to mediation, in hopes that a resolution or loan modification could be reached.

The case was submitted to the Nevada Foreclosure Mediation Program ("Program") on June 8, 2010. (See Exhibit A). Pursuant to the Program's protocols, an information sheet and request for payment of the program fee is sent to the homeowner. However, no further action is taken by the Program until the homeowner returns the paperwork and pays the fee. (*Id.*). Defendants have periodically checked with the Program to determine when the mediation can be scheduled. (*Id.*). However, the Program has been unable to schedule the mediation because Plaintiff Walls has failed to respond. (*Id.*)[1]. Accordingly, once again, Plaintiff appears to have lost interest now that he has been able to temporarily retain possession of the property.

## II. Procedural History

Plaintiff filed his Complaint on February 2, 2010 (Dkt. #1). The case was removed to federal court on March 3, 2010 (Dkt. #1). Defendants' Motion to Dismiss was filed on March 10, 2010 (Dkt. #7). Judge Jones issued his Order granting Defendants' Motion on May 24, 2010 (Dkt. #20) and ordering the parties to go to mediation. Plaintiff has now had four and a half months to complete his paperwork and pay his mediation fee. Clearly he is either not interested in mediation,

---

[1] This is consistent with Plaintiff's failure to respond to prior efforts undertaken by Defendants to modify his loan. Defendants have contacted Plaintiff several times regarding the opportunity to modify his loan. (*See* loan modification documents attached as Exhibit J to the previously filed Request for Judicial Notice, Dkt. #8). However, curiously, Plaintiff has not taken advantage of these generous offers to help him keep the property. Instead he has elected to embrace implausible theories peddled on the internet regarding note ownership, and he now asserts that he owes no money to Defendants on this loan.

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169

or is trying to game the system by preventing the mediation from going forward, while still possessing the property. The case is over. The parties simply need an order from the Court lifting the stay, which will allow the foreclosure to go forward.

### III. Legal Analysis

A status conference should be held. FRCP 16(a)(1 through 5) states:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as:
> (1) expediting the disposition of the action;
> (2) establishing early and continuing control so that the case will not be protracted because of lack of management;
> (3) discouraging wasteful pretrial activities;
> (4) improving the quality of the trial through more thorough preparation; and
> (5) facilitating the settlement of the case.

Defendants request a status check conference to determine the disposition of the case and rule on the non-opposed Motion to Dismiss.

### IV. Conclusion

Defendants BAC Home Loans Servicing LP and ReconTrust Company N.A., respectfully request that this Court schedule a status conference so that the stay of the prior dismissal can be lifted and this case can be formally dismissed.

DATED this 6 day of October, 2010.

LEWIS AND ROCA LLP

By _____
J. CHRISTOPHER JORGENSEN, ESQ.
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV  89169
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing document was made on the 6 day of October 2010 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas, Nevada, to the following:

Robert Allen Walls
12400 Ventura Blvd., #926
Studio City, CA  91604
Pro Se Plaintiff

_____
an employee of Lewis and Roca LLP

# EXHIBIT A

00248795;

# AFFIDAVIT OF DONNA SIMPSON

STATE OF NEVADA )
) ss:
COUNTY OF CLARK)

Donna Simpson, being first duly sworn, deposes and says:

1. I am an adult over the age of twenty-one (21) years, and a paralegal with the law firm Lewis and Roca LLP.

2. On June 8, 2010, I prepared an e-mail to Betty Carter, Administrative Assistant with the State of Nevada Foreclosure Mediation Program, forwarding the court order requiring the case be submitted to the mediation program.

3. On June 29, 2010, I emailed Betty Carter requesting verification that the case has been submitted to the mediation program. Betty indicated that the appropriate documents to the homeowner and lenders had been mailed.

4. On September 28, 2010, I emailed Betty Carter inquiring as to whether the case has been scheduled for mediation. Ms. Carter informed me that she had not received the required mediation fee or required documents from the homeowners and indicated that a mediation cannot be scheduled until fee and documents are received.

5. As of this date, no mediation has been scheduled.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
DONNA SIMPSON

SUBSCRIBED and SWORN to before me this 6th day of October, 2010.

_____
NOTARY PUBLIC

TABITHA Y. WALKER
Notary Public, State of Nevada
No. 08-8506-1
My appt. exp. October 17, 2012

Lewis and Roca LLP
3993 Howard Hughes Pkwy.
Suite 600
Las Vegas, Nevada 89169

-1-

555686.1