J. CHRISTOPHER JORGENSEN, ESQ.
STATE BAR NO. 5382
LEWIS AND ROCA LLP
3993 Howard Hughes Pkwy., Ste. 600
Las Vegas, NV 89169
(702) 949-8200
(702) 949-8398/fax

Attorneys for Defendants Recontrust Company,
N.A. and BAC Home Loan Servicing, LP

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ALLEN WALLS,<br><br>                              Plaintiff,<br><br>     vs.<br><br>RECONTRUST COMPANY, N.A.; BAC<br>HOME LOAN SERVICING, LP;<br><br>                              Defendants. | Case:  2:10-cv-00291-GMN-RJJ<br><br><br>**SUPPLEMENT TO NOTICE OF REMOVAL** |

The Court held a Status Conference in this case on February 4, 2011.  At the conference, and despite the Court's ruling on May 26, 2010 granting Defendants' Motion to Dismiss (Dkt. 20), the Court indicated wanted to discuss removal jurisdiction.  Plaintiff has not contested federal court jurisdiction.

Plaintiff is a California citizen who purchased a second home in Nevada but has since defaulted on his loan.  Plaintiff filed this instant wrongful foreclosure action on February 2, 2010 in Nevada State Court alleging the bank breached a fiduciary duty to him by loaning him money. Defendants removed this case to Federal Court and on March 3, 2010, moved to dismiss the Complaint for failure to state a claim.  Defendants voluntarily offered Plaintiff a loan modification that would modify the interest-rate note to a fixed rate note. The Court previously viewed the loan modification offer as well below market rates and "very reasonable."  Plaintiff did not accept the offer.

On May 5, 2010, the Court granted the Motion to Dismiss but ordered the parties to mediation for Plaintiff to "prove he is serious about living up to his obligations…".  The mediation did not occur until January 20, 2011 due to Plaintiff's failure to complete the forms required by the Nevada Mediation Program.  Despite this, Defendants entered mediation with Plaintiff.  At the mediation, Defendants agreed to allow Plaintiff the opportunity to market the property for a short sale and agreed to hold off on foreclosure for yet another 60 days.

A.    Prejudice to Defendants

At the February 4, 2011 hearing, although the Court acknowledged the dismissal order and the mediation attempts, the Court indicated it was considering vacating the dismissal order and remanding the case to State Court.  Such action, while entirely in the discretion of the Court, would impose a tremendous prejudice on Defendants.

Plaintiff has been able to delay these proceedings for over a year.  He has not complied with the Court's recent Order to make payments on the property.  Most recently, Check #3395 from Robert Walls in the amount of $1,431.00, deposited on February 7, 2011, bounced, was rejected and not honored by his bank.

Conversely, Defendants have done everything that the Court has requested of them.  Defendants offered Plaintiff a sweetheart loan modification.  Defendants waited nearly a year for plaintiff to get his mediation documents turned in and to get a mediation scheduled.  Defendants made concessions at the mediation so that Plaintiff could still try to short-sale the property.

If the court were to now force Defendants to now start over in State Court, besides just delaying the inevitable, Plaintiff would be rewarded for rejecting Defendants offers and dragging out this matter.

B.    Citizenship of ReconTrust Company

ReconTrust Company, N.A. is a National Association.  National associations are citizens of the state of their main office as stated in their articles of association.  *Wachovia Bank, N.A. v.*

1   *Schmidt*, 546 U.S. 303, 318 (2006).  There appears to be confusion as to the citizenship of

2   ReconTrust. There were two ReconTrust Companies until 2009.  ReconTrust Company, was a

3   Nevada corporation which was merged into ReconTrust Company, the National Association in

4   2009 (See Ex. A, merger agreement.)  ReconTrust Company N.A. is believed to have been

5   originally incorporated in the State of Texas.  However, with the acquisition of Countrywide

6   Home Loans and ReconTrust by Bank of America, also in 2009, it appears that the major base of

7   operations is now in California.   There are also significant operations still in Texas as well as

8   Florida.  There are competing court rulings that holding that ReconTrust is a citizen of Texas and a

9   citizen of California. "[T]he locus for Recontrust N.A.'s main office is Texas." *Garand v. J.P.*

10  *Morgan Chase Bank, N.A.*, 2010 WL 2695666, at *1 (D. Nev. July 2, 2010).

11  
12       Here regarding the Walls foreclosure, the Notice of Default and the Notice of Sale list

13  Richardson, Texas as ReconTrust's place of business. (Attached hereto as Exhibits B and C.).

14  Counsel has not yet been able to obtain yet the Articles of Incorporation, which might be

15  definitive on the subject.

16       Defendants ask this court to put an end to this long delayed case.  The court could certainly

17  find diversity, or no diversity based on the competing documents.  Should the court be intent on

18  . . .

19  . . .

20  . . .

21  . . .

22  . . .

23  . . .

24  . . .

25  . . .

26  . . .

1   remanding the case to State Court,  Defendants ask that it be done on an expedited basis so that

2   Motions to Dismiss can once again be filed in this case and the litigation finally reach a resolution.

3          DATED this _9th_ day of February, 2011.

4                                          LEWIS AND ROCA LLP

5

6                                          By _____

7                                               J. CHRISTOPHER JORGENSEN, ESQ.
                                                 3993 Howard Hughes Pkwy., Ste. 600
8                                                Las Vegas, NV  89169
                                                 Attorneys for Defendants
9

10

11

12

13                              **CERTIFICATE OF SERVICE**

14

15          I hereby certify that service of the foregoing document was made on the _9_ day of
     February 2011 by depositing a copy for mailing, first class mail, postage prepaid, at Las Vegas,
16   Nevada, to the following:

17
     Robert Allen Walls
18   12400 Ventura Blvd., #926
     Studio City, CA  91604
19   Pro Se Plaintiff

20                                          _____

21                                          an employee of Lewis and Roca LLP

22

23

24

25

26

27

28

Lewis and Roca LLP
3993 Howard Hughes Parkway
Suite 600
Las Vegas, Nevada 89169                        -4-                                444762

# EXHIBIT A

00248795;

**CERTIFICATE OF SECRETARY**
**OF**
**RECONTRUST COMPANY, NATIONAL ASSOCIATION**
**a national banking association with trust powers**

The undersigned, the duly appointed and acting Secretary of ReconTrust Company, National Association, a national banking association with trust powers (the "Company") hereby certifies the following on behalf of the Company:

1.  That attached hereto as Exhibit A is a true and correct copy of the merger certification issued by the Office of the Comptroller of the Currency evidencing the merger of ReconTrust Company, a Nevada corporation, with and into the Company, effective June 1, 2009; and

2.  That attached hereto as Exhibit B is a true and correct copy of the Articles of Merger filed with the Secretary of State of the State of Nevada on June 2, 2009, also evidencing the merger of ReconTrust Company, a Nevada corporation with and into the Company.

**IN WITNESS WHEREOF**, I have hereunto signed my name and affixed the seal of the Company on this 20th day of May, 2010.

RECONTRUST COMPANY, NATIONAL
ASSOCIATION

By: _Devra Lindgren_
Devra Lindgren
Secretary

**EXHIBIT A**



---

Comptroller of the Currency
Administrator of National Banks

---

**Washington, DC 20219**

June 1, 2009

Radhi Thayu, Assistant General Counsel
Bank of America Corporation
NY1-100-18-07
One Bryant Park
New York, New York 10036

Re:    Application to Merge ReconTrust Company into ReconTrust Company, N.A.
        (Application Control No. 2008-ML-0267)

Dear Ms. Thayu:

This letter is the official certification of the Office of the Comptroller of the Currency of the merger of ReconTrust Company, Thousand Oaks, California, into and under the charter of ReconTrust Company, NA, Thousand Oaks, California (charter number: 24559), effective June 1, 2009.

If you have questions regarding this letter, please contact me at (202) 874-4588.  Please reference the application control number in any correspondence.

Sincerely,

David Reilly
Senior Licensing Analyst

EXHIBIT B



ROSS MILLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684 5708
Website: www.nvsos.gov

| Filed in the office of | Document Number |
|---|---|
| *[signature]* | 20090458192-00 |
| | Filing Date and Time |
| Ross Miller | 06/02/2009 3:20 PM |
| Secretary of State | Entity Number |
| State of Nevada | E0533422007-5 |

## Articles of Merger
### (PURSUANT TO NRS 92A.200)
## Page 1

USE BLACK INK ONLY - DO NOT HIGHLIGHT                    ABOVE SPACE IS FOR OFFICE USE ONLY

## Articles of Merger
### (Pursuant to NRS Chapter 92A - excluding 92A.200(4b))

1) Name and jurisdiction of organization of each constituent entity (NRS 92A.200). If there are more than four merging entities, check box ☐ and attach an 81/2" x11" blank sheet containing the required information for each additional entity.

ReconTrust Company
Name of merging entity

| Nevada | Corporation |
|---|---|
| Jurisdiction | Entity type * |

Name of merging entity

| | |
|---|---|
| Jurisdiction | Entity type * |

Name of merging entity

| | |
|---|---|
| Jurisdiction | Entity type * |

Name of merging entity

| | |
|---|---|
| Jurisdiction | Entity type * |

and,

ReconTrust Company, National Association
Name of surviving entity

| United States | National Banking Association |
|---|---|
| Jurisdiction | Entity type * |

* Corporation, non-profit corporation, limited partnership, limited-liability company or business trust.

**Filing Fee: $350.00**

*This form must be accompanied by appropriate fees.*

Nevada Secretary of State 92A Merger Page 1
Revised: 3-26-09



**ROSS MILLER**
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684 5708
Website: www.nvsos.gov

---

## Articles of Merger
### (PURSUANT TO NRS 92A.200)
### Page 2

---

USE BLACK INK ONLY - DO NOT HIGHLIGHT                    ABOVE SPACE IS FOR OFFICE USE ONLY

2) Forwarding address where copies of process may be sent by the Secretary of State of
Nevada (if a foreign entity is the survivor in the merger - NRS 92A.1 90):

Attn:  Litigation In-Take

c/o:  30870 Russell Ranch Road, CA6-916-02-01
Westlake Village, CA  91361

3) (Choose one)

☒ The undersigned declares that a plan of merger has been adopted by each constituent
entity (NRS 92A.200).

☐ The undersigned declares that a plan of merger has been adopted by the parent domestic
entity (NRS 92A.180)

4) Owner's approval (NRS 92A.200) (options a, b, or c must be used, as applicable, for each entity) (if
there are more than four merging entities, check box ☐ and attach an 8 1/2" x 11" blank sheet
containing the required information for each additional entity):

(a) Owner's approval was not required from

Name of merging entity, if applicable

Name of merging entity, if applicable

Name of merging entity, if applicable

Name of merging entity, if applicable

and, or;

Name of surviving entity, if applicable

*This form must be accompanied by appropriate fees.*                    Nevada Secretary of State 92A Merger Page 2
                                                                         Revised: 3-26-09



ROSS MILLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684 5708
Website: www.nvsos.gov

---

## Articles of Merger
### (PURSUANT TO NRS 92A.200)
### Page 3

---

USE BLACK INK ONLY - DO NOT HIGHLIGHT                    ABOVE SPACE IS FOR OFFICE USE ONLY

(b) The plan was approved by the required consent of the owners of *:

ReconTrust Company
Name of merging entity, if applicable

Name of merging entity, if applicable

Name of merging entity, if applicable

Name of merging entity, if applicable

and, or,

ReconTrust Company, National Association
Name of surviving entity, if applicable

\* Unless otherwise provided in the certificate of trust or governing instrument of a business trust, a merger must be approved by all
the trustees and beneficial owners of each business trust that is a constituent entity in the merger.

*This form must be accompanied by appropriate fees.*

Nevada Secretary of State 92A Merger Page 3
Revised: 5-26-09



ROSS MILLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684 5708
Website: www.nvsos.gov

---

## Articles of Merger
### (PURSUANT TO NRS 92A.200)
### Page 4

---

USE BLACK INK ONLY - DO NOT HIGHLIGHT                    ABOVE SPACE IS FOR OFFICE USE ONLY

---

(c) Approval of plan of merger for Nevada non-profit corporation (NRS 92A.160):

The plan of merger has been approved by the directors of the corporation and by each
public officer or other person whose approval of the plan of merger is required by the
articles of incorporation of the domestic corporation.

Name of merging entity, if applicable

Name of merging entity, if applicable

Name of merging entity, if applicable

Name of merging entity, if applicable

and, or;

Name of surviving entity, if applicable

*This form must be accompanied by appropriate fees.*

Nevada Secretary of State 92A Merger Page 4
Revised: 3-26-09



ROSS MILLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684 5708
Website: www.nvsos.gov

---

### Articles of Merger
#### (PURSUANT TO NRS 92A.200)
### Page 5

---

USE BLACK INK ONLY - DO NOT HIGHLIGHT .                    ABOVE SPACE IS FOR OFFICE USE ONLY

5) Amendments, if any, to the articles or certificate of the surviving entity. Provide article numbers, if available. (NRS 92A.200)*:

6) Location of Plan of Merger (check a or b):

[X]   (a) The entire plan of merger is attached;

or,

[ ]   (b) The entire plan of merger is on file at the registered office of the surviving corporation, limited-liability company or business trust, or at the records office address if a limited partnership, or other place of business of the surviving entity (NRS 92A.200).

7) Effective date (optional)**:   |

* Amended and restated articles may be attached as an exhibit or integrated into the articles of merger. Please entitle them "Restated" or "Amended and Restated," accordingly. The form to accompany restated articles prescribed by the secretary of state must accompany the amended and/or restated articles. Pursuant to NRS 92A.180 (merger of subsidiary into parent - Nevada parent owning 90% or more of subsidiary), the articles of merger may not contain amendments to the constituent documents of the surviving entity except that the name of the surviving entity may be changed.

** A merger takes effect upon filing the articles of merger or upon a later date as specified in the articles, which must not be more than 90 days after the articles are filed (NRS 92A.240).

*This form must be accompanied by appropriate fees.*                    Nevada Secretary of State 92A Merger Page 5
                                                                        Revised: 3-25-09



ROSS MILLER
Secretary of State
204 North Carson Street, Suite 1
Carson City, Nevada 89701-4520
(775) 684 5708
Website: www.nvsos.gov

---

## Articles of Merger
### (PURSUANT TO NRS 92A.200)
### Page 6

---

USE BLACK INK ONLY - DO NOT HIGHLIGHT                          ABOVE SPACE IS FOR OFFICE USE ONLY

8) Signatures - Must be signed by:  An officer of each Nevada corporation; All general partners of
each Nevada limited partnership; All general partners of each Nevada limited-liability limited
partnership; A manager of each Nevada limited-liability company with managers or one
member if there are no managers; A trustee of each Nevada business trust (NRS 92A.230)*

(If there are more than four merging entities, check box ☐ and attach an 8 1/2" x 11" blank
sheet containing the required information for each additional entity.):

ReconTrust Company
Name of merging entity

X _Denna Lindgen_____   Secretary              06/01/2009
Signature                        Title                  Date

Name of merging entity

X _____       _____          _____
Signature                        Title                  Date

Name of merging entity

X _____       _____          _____
Signature                        Title                  Date

Name of merging entity

X _____       _____          _____
Signature                        Title                  Date

ReconTrust Company, National Association
Name of surviving entity

X _Denna Lindgen_____   Secretary              06/01/2009
Signature                        Title                  Date

* The articles of merger must be signed by each foreign constituent entity in the manner provided by the law governing it (NRS
92A.230).  Additional signature blocks may be added to this page or as an attachment, as needed.

IMPORTANT: Failure to include any of the above information and submit with the proper fees may cause this filing to be rejected.

*This form must be accompanied by appropriate fees.*                    Nevada Secretary of State 92A Merger Page 6
                                                                        Revised : 3-26-09

AGREEMENT AND PLAN OF MERGER OF
RECONTRUST COMPANY,
a Nevada corporation
WITH AND INTO
RECONTRUST COMPANY, NATIONAL ASSOCIATION
a nationally chartered banking association

THIS AGREEMENT AND PLAN OF MERGER is made and entered into as of the 19th day of November, 2008, by and between ReconTrust Company, a Nevada corporation ("Nevada") and ReconTrust Company, National Association, a nationally chartered banking association ("N.A.").

A.   Nevada and N.A. and their respective shareholders and boards of directors, have approved the statutory merger of Nevada with and into N.A. upon the terms and conditions set forth herein.

NOW, THEREFORE, Nevada and N.A. agree as follows:

1.   *Merger.*  At the Effective Time (as defined below), Nevada shall be merged with and into N.A. (the "Merger") in accordance with the provisions of section 215a-3 of the National Bank Act, the Regulations of the Comptroller of the Currency and section 92A.190 of the Nevada Revised Statutes; N.A. shall be and continue in existence as the surviving corporation (the "Surviving Corporation"); and the separate existence of Nevada shall cease upon the Effective Time of the Merger in accordance with the provisions of the laws of the State of Nevada.

2.   *Effective Time.*  The Merger shall become effective on the date specified in the certificate of merger to be issued by the Comptroller of the Currency in connection with the Merger, which shall be a date agreed to by N.A. and Nevada, subject to the approval of the Comptroller of the Currency, or such other date as shall be provided by law and agreed to by the parties hereto.

3.   *Effect of Merger on Outstanding Shares.*  The manner of converting or canceling shares of Nevada and N.A. shall, by virtue of the Merger, be as follows:

(a)   The number of authorized shares of Nevada is 1,000 and all are of one class of common shares.  At the Effective Time, each issued and outstanding share of Nevada shall be immediately surrendered to the Surviving Corporation for cancellation without payment of any consideration therefore; no shares of the Surviving Corporation shall be issued or issuable in respect thereof.

(b)   The number of authorized shares of N.A. is 10,000 and all are of one class of common shares.  At the Effective Time, each issued and outstanding share of N.A. shall not be converted in any manner, but each said share which is issued as of the Effective Time of this Merger shall continue to represent one issued share of the Surviving Corporation.

4. *Articles of Association.* The Articles of Association, as amended of N.A. in effect at the Effective Time of the Merger shall continue to be the Articles of Association of the Surviving Corporation.

5. *Bylaws.* The Bylaws of N.A. in effect at the Effective Time of the Merger shall continue to be the Bylaws of the Surviving Corporation.

6. *Other Provisions.*

(a) The directors and officers of N.A. at the Effective Time of the Merger shall continue to be the directors and officers of the Surviving Corporation, all of whom shall hold their directorships and offices until the election and qualification of their respective successors or until their tenure is otherwise terminated in accordance with the Bylaws of the Surviving Corporation.

(b) The Merger is conditioned on the receipt of all required consents, approvals and permissions, and the Board of Directors and the proper officers of Nevada and of the Surviving Corporation, respectively, are hereby authorized, empowered and directed to do any and all acts and things, and to make, execute, deliver, file, and/or record any and all instruments, papers and documents which shall be or become necessary, proper or convenient to carry out or put into effect any of the provisions of this Agreement and Plan of Merger or of the Merger herein provided for.

IN WITNESS WHEREOF, Nevada and N.A. have caused this Agreement and Plan of Merger to be executed as of the day and year first written above.

ReconTrust Company
a Nevada corporation

By: _____
Gregory C. Markarian
President and Chief Financial Officer

By: _____
Devra Lindgren
Secretary

ReconTrust Company, N.A.
a nationally chartered banking association

By: _____
Gregory C. Markarian
President and Chief Financial Officer

By: _____
Devra Lindgren
Secretary

# EXHIBIT B

00248795;

**RECORDING REQUESTED BY:**
**WHEN RECORDED MAIL TO:**
**RECONTRUST COMPANY**
**2380 Performance Dr, TX2-985-07-03**
**Richardson, TX  75082**
Attn:
**TS No.  09-0091459**
**Title Order No.  090454787**

**APN No.  124-31-225-010**

20090625-0005602
Fee: $15.00        RPTT: $0.00
N/C Fee: $0.00
06/25/2009        14:49:37
T20090222608
Requestor:
   FIDELITY NATIONAL DEFAULT SO
Debbie Conway        ANI
Clark County Recorder     Pgs: 2

---

## NEVADA IMPORTANT NOTICE
### NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

NOTICE IS HEREBY GIVEN THAT: RECONTRUST COMPANY, N.A., is the duly appointed Trustee under a Deed of Trust dated 10/16/2006, executed by ROBERT ALLEN WALLS, A SINGLE MAN as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. as beneficiary recorded 10/24/2006, as Instrument No. 0005136 (or Book 20061024, Page ) of Official Records in the Office of the County Recorder of Clark County, Nevada.   Said obligation including ONE NOTE FOR THE ORIGINAL sum of $229,000.00. That a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of : FAILURE TO PAY THE INSTALLMENT OF PRINCIPAL, INTEREST AND IMPOUNDS WHICH BECAME DUE ON  03/01/2009  AND ALL SUBSEQUENT INSTALLMENTS OF PRINCIPAL, INTEREST AND IMPOUNDS, TOGETHER WITH ALL LATE CHARGES, PLUS ADVANCES MADE AND COSTS INCURRED BY THE BENEFICIARY, INCLUDING FORECLOSURE FEES AND COSTS AND/OR ATTORNEYS' FEES.  IN ADDITION, THE ENTIRE PRINCIPAL AMOUNT WILL BECOME DUE ON  11/01/2036 AS A RESULT OF THE MATURITY OF THE OBLIGATION ON THAT DATE.

That by reason thereof, the present beneficiary under such deed of trust has executed and delivered to RECONTRUST COMPANY, N.A. a written Declaration of Default and Demand for sale, and has deposited with RECONTRUST COMPANY, N.A. such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable  and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

### NOTICE

You may have the right to cure the default hereon and reinstate the one obligation secured by such Deed Of Trust above described.  Section NRS 107.080 permits certain defaults to be cured upon the payment of the amounts required by that statutory section without requiring payment of that portion of principal and interest which would not be due had no default occured.  Where reinstatement is possible, if the default is not cured within 35 days following recording and mailing of this Notice to Trustor or Trustor's successor in interest, the right of reinstatement will terminate and the property may there after be sold.  The Trustor may have the right to bring court action to assert the non existence of a default or any other defense of Trustor to acceleration and sale.

RECONTRUST COMPANY, as agent for the Beneficiary
By: Fidelity National Default Solutions, as Agent

By: LSI Title Agency, Inc., an Illinois Corporation, as Agent
**Anselmo Pagkaliwangan**

State of: California
County of: Orange

On 4·25·2009 _____, before me, Connie L Borras _____, Notary
Public, personally appeared Anselmo Pagkaliwangan, who proved to me on the basis of satisfactory
evidence to be the person whose name is subscribed to the within instrument and acknowledged to me
that he executed the same in his authorized capacity and that by his signature on the instrument the
person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

Signature Connie L Borras _____ (Seal)

Connie L Borras

CONNIE L. BORRAS
Commission # 1733995
Notary Public - California
Orange County
My Comm. Expires Apr 22, 2011

# EXHIBIT C

00248795;

WHEN RECORDED MAIL TO:
RECONTRUST COMPANY
2380 Performance Dr, TX2-985-07-03
Richardson, TX 75082

TS No. 09-0091459

Title Order No. 090454787

APN No.:124-31-225-010

## NEVADA NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 10/16/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

Notice is hereby given that RECONTRUST COMPANY, N.A., as duly appointed trustee pursuant to the Deed of Trust executed by ROBERT ALLEN WALLS, A SINGLE MAN, dated 10/16/2006 and recorded 10/24/2006, as Instrument No. 0005136, in Book 20061024, Page , of Official Records in the office of the County Recorder of CLARK County, State of Nevada, will sell on 10/19/2009 at 10:00 AM, at at the front entrance to the Nevada Legal News, 930 S. Fourth St., Las Vegas, NV at public auction, to the highest bidder for cash(in the forms which are lawful tender in the United States, payable in full at time of sale), all right, title, and interest conveyed to and now held by it under said Deed of Trust, in the property situated in said County and State and as more fully described in the above referenced Deed of Trust. The street address and other common designation, if any, of the real property described above is purported to be: 5222 PIONEER CABIN COURT, NORTH LAS VEGAS, NV 89031. The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

The total amount of the unpaid balance with interest thereon of the obligation secured by the property to be sold plus reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $239,968.62. It is possible that at the time of sale the opening bid may be less than the total indebtedness due.

In addition to cash, the Trustee will accept cashier's checks drawn on a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state. In the event tender othere than cash is accepted, the Trustee may withhold the issuance of the Trustee's Deed until funds become available to the payee or endorsee as a matter or right. Said sale will be made, in an "AS IS" condition, but without covenant or warranty, express or implied, regarding title, possession or encumbrances, to satisfy the indebtedness secured by said Deed of Trust, advances thereunder, with interest as provided therein, and the unpaid principal of the Note secured by said Deed of Trust with interest thereon as provided in said Note, plus fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust.

DATED:  September 30, 2009
RECONTRUST COMPANY NA, Trustee
2380 Performance Dr., TX 2-985-07-03
Richardson, TX 75082
Phone/Sale Information (800)281-8219

By: _____
          Jonessa Cyrus, Team Member

RECONTRUST COMPANY NA is a debt collector attempting to collect a debt.  Any information obtained will be used for that purpose.