UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ALLEN WALLS,   )<br>  )<br>           Plaintiff,   )<br>   vs.   )<br>  )<br>RECONTRUST CO., N.A., et al.,   )<br>  )<br>           Defendants.   )<br>_____) | Case No.: 2:10-cv-00291-GMN-RJJ<br><br>**ORDER** |

Pending before the Court is a Motion for Costs (ECF No. 44) filed by Plaintiff as a result of Defendant Recontrust Company, N.A.'s improper removal of this lawsuit from state court. For the reasons that follow, Plaintiff's Motion will be DENIED and this case will be REMANDED to state court.

**I.     BACKGROUND**

Plaintiff, a self-represented litigant and a citizen of California, filed his initial Complaint on February 2, 2010 in the Eighth Judicial District Court for Clark County, Nevada. On March 3, 2010, Defendants Recontrust Company, N.A., ("Recontrust") and BAC Home Loan Servicing, LP ("BAC") removed the lawsuit to federal court, citing only diversity jurisdiction as the basis for removal (*see* Petition ¶ 6, ECF No. 1). The Petition for Removal states simply: "Plaintiff is a citizen of California. Defendants are foreign entities." (Petition ¶ 7, ECF No. 1.)

Shortly after removing the action, Defendants moved to dismiss Plaintiff's Complaint. (*See* Motion to Dismiss, ECF No. 7.) The judge previously assigned to this case granted Defendants' Motion to Dismiss, though the Order granting the Motion was stayed for ninety days to allow the parties to engage in mediation. (*See* Order, ECF No. 20.) On May 27, 2010,

the case was reassigned to this Court. (*See* Minute Order, ECF No. 20.)

On January 12, 2011, Defendants filed a Motion for a Status Conference (ECF No. 36), in which they requested that the Court hold a hearing following the mediation scheduled for January 20, 2011.  The Court granted that Motion (*see* Minute Order, ECF No. 37), and held a hearing on February 4, 2011, following the parties' unsuccessful attempt to mediate their dispute (*see* ECF No. 40).

At the hearing, the Court noted that it would be appropriate to lift the stay at that time, but also that the Court was concerned that it lacked subject matter jurisdiction over the case.  Specifically, the Court was concerned that Defendant Recontrust was, like Plaintiff, a citizen of California, thus destroying diversity jurisdiction.  Counsel for Recontrust explained, "When we remove things, I think we usually state that Recontrust is a Texas corporation," and later noted, "This is probably case number 500 or so, you're the first one that's had some issues with that." (Hearing, ECF No. 40).  Counsel did, however, agree to research the citizenship of Recontrust, so the Court granted him a continuance and scheduled a new hearing for February 10, 2011 at which the question of subject matter jurisdiction would again be addressed.  However, at the next hearing, counsel had not yet obtained Recontrust's Articles of Association, so the Court was unable to make a final determination as to jurisdiction and continued the hearing until February 24, 2011.

On February 22, 2011, counsel submitted a Supplement to the Petition for Removal (ECF No. 42) in which he conceded that the Articles of Association in effect at the time the case was filed in state court and at the time it was removed "listed the main office of ReconTrust as Thousand Oaks, California.  Therefore, it appears that the citizenship of ReconTrust is from California," but counsel also petulantly contended that "the Defendants' characterization of ReconTrust as a foreign corporation [in the Petition for Removal] was correct." (Supplement 1:27-2:5, ECF No. 42.)  In light of the admission that diversity did not

exist, the Court announced that it would remand the case due to lack of subject matter jurisdiction and granted Plaintiff fifteen (15) days in which to file a Motion for Costs pursuant to 28 U.S.C. § 1447(c). (*See* Hearing, ECF No. 43.) The instant motion followed.

## II.   IMPROPER REMOVAL BY DEFENDANT RECONTRUST

A civil action brought in a state court may be removed by the defendant to a federal district court if the district court could have had original jurisdiction over the matter. 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). District courts have subject matter jurisdiction over civil actions arising under federal law, *see* 28 U.S.C. § 1331, or where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a).

Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The defendant has the burden of establishing that removal is proper. *Id.*

For the purposes of determining diversity jurisdiction, a national banking association, such as Recontrust, is a citizen of the state designated by its Articles of Association to be the location of its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). In his Supplement (ECF No. 42), counsel explains that the Articles of Association for Recontrust which were in effect when this case was initially filed in state court and when it was removed to this federal District do establish that his client's main office is located in California and that it is, therefore, a citizen of California. As Plaintiff is also a citizen of California, counsel's prior representation that "[d]iversity jurisdiction under 28 USC [sic] §1332 exists because this action is between citizens of different states . . . ." (Petition for Removal ¶ 4, ECF No. 1), is erroneous, and this case must be remanded to state court.

However, the fact that this case has survived on the federal docket for almost one year with multiple filings, hearings, and the issuances of now invalid court orders bears some further investigation.  Counsel's review of the Articles for the purpose of determining citizenship should have been performed long ago when he first contemplated removal and certainly before he signed the Petition for Removal on March 3, 2010.  Furthermore, counsel's statements in his Supplement leave this Court wondering if he is simply ignorant of federal jurisdiction laws or if he is merely attempting to minimize his lack of candor with the Court now that his attempt to commit a fraud upon the Court has been exposed.

At first blush, it appears that counsel merely failed to investigate the true citizenship of his own client prior to asserting in a signed filing that it is a foreign entity, and thus failed to identify the lack of diversity.  When the Court requested such an inquiry, counsel did conduct an appropriate investigation into his own client's citizenship and finally located the Articles of Association for his client, which enabled him to amend his earlier statements and accurately represent its citizenship.  However, this is not the only time that counsel has filed a Petition for Removal on behalf of this client, Recontrust.

As early as June 14, 2010, counsel represented in his Petition for Removal in case number 2:10-cv-00915-JCM-PAL, that "ReconTrust Company, N.A. is a national association with its main office in California, and it is therefore a citizen of California." (Petition for Removal ¶ 9(c), ECF No. 1, 2:10-cv-00915-JCM-PAL.)  In his August 2010 Petition for Removal in case number 3:10-cv-00524-RCJ-RAM, counsel represented that "ReconTrust Company, N.A. is a national association with its main office in California, and it is therefore a citizen of California." (Petition for Removal ¶ 17(e), ECF No. 1, 3:10-cv-00524-RCJ-RAM.)  In case number 3:10-cv-00740-RCJ-VPC, counsel represented in his Petition for Removal that "ReconTrust is a national association, headquartered in Thousand Oaks, California." (Petition for Removal ¶ 7, ECF No. 1, 3:10-cv-00740-RCJ-VPC.)  Recently, counsel

represented in the Petitions for Removal filed in case numbers 3:10-cv-00765-RCJ-VPC, 3:11-cv-00039-ECR-RAM, and 3:11-cv-00091-RCJ-VPC--filed December 8, 2010; January 20, 2011; and February 9, 2011, respectively--that Recontrust Company is a national association with its main office located in California.

As a result, counsel's latest description of the issue: "Plaintiff's residence in California creates a problem with diversity that was previously not recognized by Plaintiff, Defendants or the Court," (Supplement 2:5-7, ECF No. 42), seems disingenuous, as did his representation at the February 4, 2011 hearing that "When we remove things, I think we usually state that Recontrust is a Texas corporation."

Furthermore, counsel's statement in his Supplement suggesting that the court has discretion in the matter is surprising. He states, "[a]ccordingly, the Defendants acknowledge that the Court, *in its discretion*, can remand the case back to Nevada State Court." (Supplement 2:8-9, ECF No. 42) (emphasis added). The Court is fairly sure that it made itself quite clear to counsel at the hearing held on February 10, 2011 that whether or not this case should be remanded is not a question of "discretion." Remand is mandatory if the federal court lacks jurisdiction. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Franchise Tax Board of the State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 8 (1983) ("If it appears before final judgment that a case was not properly removed, because it was not within the original jurisdiction of the United States district courts, the district court must remand it to the state court from which it was removed."). In this case, the Petition for Removal only asserted diversity jurisdiction as the basis for removal; federal question jurisdiction was never claimed. Therefore, the Court must remand the lawsuit. It is not a question of discretion.

This is not counsel's only questionable assertion. Counsel also boldly claims, "the

Defendants' characterization of ReconTrust as a foreign corporation was correct." (Supplement 2:3-5, ECF No. 42.) This obstinate remark is childish at best. Although counsel's statement in his Petition for Removal that all Defendants are foreign entities may be technically correct--Recontrust is a citizen of California whereas this Court sits in Nevada--it is wholly misleading given the context of the statement. In Paragraph 6 of the Petition for Removal, counsel wrote, "Diversity jurisdiction under 28 U.S.C. §1332 exists because this action is between citizens of different states and/or countries and the amount in controversy exceeds $75,000." (Petition for Removal ¶ 6, ECF No. 1.) That sentence is immediately followed by Paragraph 7 which states, in full: "Plaintiff is a citizen of California. Defendants are foreign entities." (Petition for Removal ¶ 6, ECF No. 1.) This sentence, which exists solely for the purposes of demonstrating the existence of diversity jurisdiction, gravely obfuscates the actual citizenship of Recontrust and appears designed to make the reader believe that the California citizenship of Plaintiff is not shared by any of the Defendants. It is difficult to believe that such vague language was not intentionally and carefully chosen for the purpose of disguising an invalid removal, especially in light of the fact that other removal petitions filed on behalf of the same client did list the actual state of citizenship. The characterization of Recontrust as "a foreign corporation" demonstrates either a blatant lack of candor with the Court or, at the very least, a lack of due diligence.

It appears that counsel either failed to investigate the true citizenship of his own client prior to asserting in a signed filing that it is a foreign entity and, thereby, failed to identify the lack of diversity issue, or counsel conducted an appropriate investigation into his own client's citizenship and, realizing it is a citizen of California, intentionally obscured its citizenship by referring to it as a "foreign entity." Either way, removal was improper and this case must be REMANDED.

/ / /

### III. MOTION FOR COSTS

At the February 24, 2011 hearing, the Court told Plaintiff that it would entertain a motion for costs and expenses pursuant to 28 U.S.C. § 1447(c) because Defendants lacked an objectively reasonable basis for seeking removal, *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). Plaintiff submitted an unsigned Motion on March 11, 2011, in which he seeks to recover $1,750.00 he paid to someone named Deborah Turnball for conducting legal research and drafting filings. (*See* Motion, ECF No. 44.) Plaintiff contends that such expenses are costs "recoverable Pursuant to Title 28 U.S.C. 1920." (Motion 1:23-24, ECF No. 44.) No other expenses or costs are sought.

This Motion is defective in a few respects. First, in violation of Federal Rule of Civil Procedure 11(a), which requires even self-represented parties to sign every pleading and written motion they submit, Plaintiff failed to sign the Motion. Such a defect is significant because a party's signature certifies that the foregoing motion is not being presented for an improper purpose, is not frivolous, and is supported by evidence. *See* Fed. R. Civ. P. 11(b). Because the Motion does not bear Plaintiff's signature, such a certification was not made.

Further, neither the Motion nor the exhibits attached to it indicate that the costs Plaintiff is seeking were actually expended on this particular lawsuit, much less that they were "incurred as a result of removal" as specified in 28 U.S.C. § 1447(c). Section 1447(c) only allows for the recovery of costs and expenses that were incurred as a result of the improper removal, so the Court cannot grant costs in a situation, such as this one, where the plaintiff has not even argued that the costs requested were incurred due to the improper removal.

However, even if Plaintiff had signed the Motion and attested that the "costs" he requests were incurred as a result of the removal, the expenses he requests are not the sort of costs contemplated in 28 U.S.C. § 1920, despite his representation to the contrary. Section

1920 lists as taxable "costs" expenses such as "fees of the clerk and marshal" and "compensation of interpreters."  It does not include expenses related to compensating someone engaged in the practice of law, authorized or otherwise, as appears to be the origin of the expenses sought here.  Nor does 28 U.S.C. § 1447(c) allow for self-represented plaintiffs to recover expenses that essentially amount to attorney's fees. *See Barash v. Ford Motor Credit Corp.*, No. 06-CV-6497 (JFB)(ARL), 2007 WL 1791656, at *8 n.14 (E.D.N.Y. June 20, 2007); *Weiner v. Texas Health Choice, L.C.*, No. 3:01-CV-2580-M, at *5 (N.D. Tex. Mar. 20, 2002); *Bristol Oaks, L.P. v. Chapman*, No. 95 C 7145, 1996 WL 73654, at *3 (N.D. Ill. Feb. 16, 1996).  It does not matter that Plaintiff is not asking for fees for his own work, but for that of Deborah Turnball, who--if the exhibits attached to Plaintiff's Motion actually apply to this case--appears to have been surreptitiously performing legal services for Plaintiff without entering an appearance in the lawsuit.  As the court in *Alcoa, Inc. v. ATM, Inc.*, No. CV04-5225 (DRH)(WDW), 2008 WL 5115031, at *1 (E.D.N.Y. Dec. 3, 2008) ably explained:

> The practice of an attorney's providing legal assistance to a pro se litigant without filing a notice of appearance is unacceptable and cannot result in an award of fees. One court has found that an attorney's actions in providing substantial legal assistance to a pro se party without entering an appearance in the case not only affords the pro se party the benefit of the court's liberal treatment of unrepresented parties, but also shields the attorney from accountability for his actions as counsel. Such conduct, if substantial, can constitute a misrepresentation to the court by both litigant and counsel that has been roundly criticized by numerous courts.

This Court agrees.  For that reason and the reasons stated above, Plaintiff's Motion for Costs (ECF No. 44) is DENIED.

## **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Costs (ECF No. 44) is **DENIED**.

1  **IT IS FURTHER ORDERED** that this lawsuit is hereby **REMANDED** to state court.
2  **The Clerk's Office is directed to mail a copy of this Order to the Clerk of the court for the**
3  **Eighth Judicial District Court, Clark County, Nevada.**
4  DATED this 20th day of April, 2011.

_____
Gloria M. Navarro
United States District Judge